## J. N. HUGHES' ADMR. v. J. N. CRAIG.

**Execution—Sale Under—Sale Bond—Payment—Failure of Title—Creditor Not Bound to Refund to Purchaser.**

Although the title to property sold under a fieri facias be absolutely worthless, yet the right of the plaintiff to the money is not impaired thereby. The bond of the purchaser and the return of the officer that he has sold the property, and taken such bond, completely discharges the judgment and stands in lien of it, and as between the creditor and debtors is a complete discharge while it remains in force.

**APPEAL FROM LINCOLN CIRCUIT COURT.**

April 27, 1871.

OPINION BY JUDGE PETERS:

Hughes and Craig, being each creditors of Mrs. M. Gilbert, sued her in the Lincoln circuit court, and recovered judgment for their respective debts; an execution in favor of Hughes was first issued and placed in the hands of the sheriff, and then one issued in favor of Craig and was also placed in the hands of the sheriff, who levied them both on the life estate of the defendant in a tract of land, in Lincoln county or on her interest in said land, which it seems the sheriff and Craig believed was a life estate. This supposed life estate was sold, and Craig, the plaintiff in one of the executions thus levied, purchased. The executions were then levied on the equity of redemption in said land and Craig became the purchaser at a price sufficient to pay both debts, and the sales being on a credit of three months, Craig executed a bond payable to Hughes for the amount of his debt.

The sheriff then conveyed the interest which he supposed Craig acquired by his purchases, to him, and he brought a suit in equity against Mrs. Gilbert for possession under his sheriff's deed. She resisted a recovery on the ground that she had no vendible interest in the land, but alleges that she held it under the will of her late husband in trust for his children and exhibits the will as a part of her answer. Craig seems to have concurred in that view of the case, and after Mrs. Gilbert filed her answer, amended his petition and alleged that the debts for which the judgments were rendered, were for necessaries furnished the children of the testator, making them defendants, and prayed for a judgment against them and for a sale of so much of the land as would be sufficient to pay said debts; and further alleged that he had paid off and satisfied the bond executed by him for the debt to Hughes, and prayed that if the court should adjudge that he took nothing by his purchase of Mrs. Gilbert's interest in the land, or that she had no interest, for a judgment against Hughes for the money he had paid him on the bond aforesaid, making Hughes a defendant.

The court below adjudged that Mrs. Gilbert merely held the land in trust for the use of the beneficiaries named in the will of her testator, quashed the sale made by the sheriff and set aside

his deed to Craig, and further adjudged that Hughes should restore the money to Craig paid by him on the land. Hughes, having died, his administrator has brought the case to this court to revise said judgment.

It is not alleged that Hughes (who was living at the date of the levy and sale by the sheriff) either directed him to make the levy, or sale or in any way undertook to control his action in the management of the execution, and the question is presented whether the personal representative of Hughes is bound to refund the money to him, the title to the property which he purchased having proved defective.

The very early cases of *McGee vs. Ellis and Browning,* 4 Littell, 244, would seem to be decisive of this case.

After quoting Dalton on the office of sheriff, the judge who delivered that opinion said:

"If this authority be taken as law, it clearly shows that, although the value of the goods sold under a *fieri facias* be recovered of the purchaser, yet the right of the plaintiff to the money is not impaired thereby. If the contrary doctrine be true, that the creditor is responsible for the validity of the title, he could not be entitled to the money after that title had failed by a suit against the sheriff, which is the case put by Dalton.

"Nor do we conceive that the circumstance of a sale bond being taken, and the money being in transitu, and not in fact paid, varies the question.

"The bond of the purchaser and the return of the officer that he has sold property and taken such bond completely discharge the judgment and stand in lieu of it, and as between the creditor and debtor is as complete a discharge while it remains in force, as a return that the money was made and ready to render."

The decree of the court below adjudging to the purchaser the price of the property against the plaintiff in the execution was reversed, and the reasoning of the learned judge who delivered the opinion, and the conclusion of the court in that case have been approved not only by an acquiescense of many years, but in the late case of *Ettlinger, etc., vs. Tansey, etc.,* 17 B. Monroe 364. The case in 4 Littell supra is referred to, approved, and upon its authority the same question is settled.

But it is insisted by the counsel for the appellee that the property sold and about which the controversy arose, in the two reported cases was personality, while the controversy in this case grows out of a sale of real estate and therefore a different rule should prevail. Even if that were so, we can not see any reason for such a distinction, but counsel is mistaken in his facts. The controversy in the case of *Ettlinger, etc., vs. Tansey, etc., supra,* grew out of the sale of a lot of ground in Louisville.

The judgment of the court below must therefore be reversed, and the cause remanded with directions to dismiss the petition as to Hughes' representative.

*Durham & Jacobs, for appellant.*

*Harris, Dunlap, for appellee.*